IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH CIECHANOWSKI, et al.,

    Plaintiffs,

vs.                                                                           No.    3:13-cv-01254-DRH-SCW

BARNETT OUTDOORS, LLC, et al.,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.     Introduction and Background

Pending before the Court are plaintiffs' motion to remand to state court (Doc. 4) and plaintiffs' motion to strike amended notice of removal (Doc. 6). Defendant Dunham Athleisure Corporation ("Dunham") opposes the motions (Docs. 8, 9). Based on the following, the Court **DENIES** the motion to strike (Doc. 6) and **GRANTS** the motion to remand (Doc. 4).

On October 30, 2013, plaintiffs Joseph Ciechanowski, Robert E. Long ("Long"), David A. Dougherty, and Don E. Buonamici ("Buonamici") (collectively "plaintiffs") filed suit in Madison County, Illinois against four defendants, Barnett Outdoors, LLC, Rural King Holding Co. ("Rural King"), Cabela's Incorporated ("Cabela's"), and Dunham (collectively "defendants"), for thumb injuries they sustained from using a crossbow. Plaintiffs assert several product liability claims against defendants.

On December 4, 2013, Dunham removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 2). Dunham alleges that complete diversity of citizenship exists because although defendant Rural King is a citizen of the state of Illinois, as is plaintiff Long, Rural King is fraudulently joined. In support of its assertion, Dunham cites to *Abel v. SmithKlein Beecham Corp.*, 2013 WL 5835404, at *2.

On December 12, 2013, plaintiffs filed a motion to remand (Doc. 4). Plaintiffs assert that (1) Dunham has failed to obtain the consent of all of the defendants, (2) diversity jurisdiction does not exit, (3) defendant Rural King is a citizen of the state where this action was brought, and (4) Dunham has failed to demonstrate the citizenship of defendant Barnett.

Dunham subsequently filed an amended notice of removal (Doc. 5). Plaintiffs moved to strike the amended notice of removal asserting that Dunham had not requested leave from the Court to file it (Doc. 6). Dunham responded to the motion to strike (Doc. 8) and to the motion to remand (Doc. 9). As a preliminary matter, the motion to strike (Doc. 6) is **DENIED**. The Court will consider Dunham's amended notice of removal.

## II.   Analysis

The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Doe v. Allied-Signal, Inc.*, 985

F.2d 908, 911 (7th Cir. 1993). Dunham bases removal on Section 1332 diversity jurisdiction. Diversity jurisdiction requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir.1997) (citations omitted). The monetary threshold is undisputed. The issue is whether complete diversity exists between the parties.

Dunham asserts that Rural King has been fraudulently joined. Fraudulent joinder "occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in the pleading." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). "In determining whether there is diversity of citizenship, fraudulently joined parties are disregarded." *Id.*

Dunham incorrectly colors the fraudulent joinder argument. Dunham argues that Long could not state a cause of action against Rural King in state court because Long is alleged to have received his injury from a crossbow purchased from Cabela's website not from Rural King. However, in the case of fraudulent joinder, the issue is not whether Long himself could bring an action against Rural King but whether *any* of plaintiffs could bring an action against Rural King. The Seventh Circuit directs this Court to use a "reasonable possibility" standard in this determination. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

Here, the Court finds that there is a reasonable possibility that plaintiff Buonamici could bring an action against Rural King. Therefore, Rural King has not been fraudulently joined in this action.

As indicated by plaintiffs, Dunham may have mischaracterized its argument as fraudulent joinder instead of fraudulent *mis*joinder, pursuant to *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). However, even if that is the case, this Court has clearly rejected the theory of fraudulent misjoinder as a basis for removal jurisdiction. *See Abel v. SmithKlineBeecham Corp.*, 13-cv-780-DRH-DGW, 2013 WL 5835404 (Oct. 30, 2013) (compiling cases and reaffirming the Court's previous decisions on fraudulent misjoinder). The Court need not address plaintiffs' other arguments in their motion for remand as complete diversity is lacking.

### III.   Conclusion

Accordingly, the Court **DENIES** plaintiffs' motion to strike the amended notice of removal (Doc. 6) and **GRANTS** plaintiffs' motion to remand (Doc. 4). The Court **REMANDS** this case to the Circuit Court of Madison County, Illinois.

**IT IS SO ORDERED.**

Signed this 22nd day of January, 2014.

Digitally signed by
David R. Herndon
Date: 2014.01.22
13:58:12 -06'00'

**Chief Judge
United States District Court**